PENNSYLVANIA R. Co. and others *v.* ALLEGHENY VALLEY R. Co. and others.

*(Circuit Court, W. D. Pennsylvania.   January 7, 1885.)*

REMOVAL OF CAUSE—MOTION TO REMAND—COLLUSIVE JOINDER OF PARTIES.

It is good practice to raise *in limine,* by petition to remand, the question of the alleged collusive joinder of a party for the purpose of creating a case removable to the circuit court; and the right so to raise the question is not waived by reason of a prior unsuccessful motion to remand on jurisdictional grounds supposed to appear on the face of the record.

*Sur* Petition to Remand Suit, etc.

*Wayne MacVeagh,* for the motion.

*George Shiras, Jr.,* and *D. T. Watson, contra.*

ACHESON, J.   As the fifth section of the act of congress of March 3, 1875, makes it the duty of the circuit court to remand a suit removed thereto from a state court, if at any time it shall appear to the satisfaction of the circuit court that the parties to such suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case removable under the act, it seems to me to be good practice to raise the question of the alleged improper or collusive joinder of a party for such purpose *in limine,* by petition to remand, as has been done here.   And there was no waiver of the right so to raise the question by reason of the prior motion to remand on jurisdictional grounds supposed to appear upon the face of the record.

The plaintiffs' petition charges that E. W. Ross was improperly and collusively made a defendant, for the purpose of creating a case removable into this court.   If this be so, this court is concerned to know the fact as soon as possible, and the plaintiffs shall now have the fullest opportunity to establish the truth of their allegation by testimony taken in accordance with the rules and practice in equity causes.

Mr. Ross has filed an answer to said petition in denial thereof. That answer strikes me to be fairly responsive to the averments of the petition, and exceptions to it have not been filed.   Hence, at present, I see no good reason for making the order I am asked to do requiring Mr. Ross to come from his home, in the state of New York, to Pittsburgh, and submit to an oral examination before the clerk of this court.   Leave, however, is granted the plaintiffs (if they desire so to do) to supplement their said petition by interrogatories addressed to Mr. Ross, to be answered by him under oath.